UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW FRAZEE, on behalf of himself
and those similarly situated,

    Plaintiff,

vs.

CASE NO.: 6:17-cv-671-ORL-28-TBS

AMERICAN ROAD MANAGEMENT,
INC., a Florida For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW FRAZEE, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendant, AMERICAN ROAD MANAGEMENT, INC., a Florida For Profit Corporation Company, and alleges:

1. Plaintiff, MATTHEW FRAZEE, and those similarly situated, was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked at Defendant's property within the last three years for Defendant in Orange County, Florida.

3. Plaintiff, MATTHEW FRAZEE, began working for Defendant in late December 2016 and resigned on or about March 31st, 2017.

1

4. During his employment, Plaintiff, MATTHEW FRAZEE, received commissions on sales against a weekly draw of $800.00.

5. As a sales representative, Plaintiff, MATTHEW FRAZEE, was responsible for making motorcycle sales at the Defendant's dealership.

6. Plaintiff, MATTHEW FRAZEE, did not make enough in commissions to be exempt under Section 207(i) of the FLSA. Specifically, Plaintiff did not earn enough in commissions to overcome the $800 per week draw.

7. Plaintiff, MATTHEW FRAZEE, was a non-exempt employee and entitled to overtime.

8. Plaintiff, MATTHEW FRAZEE, worked in excess of forty (40) hours or more in one or more workweeks while employed with Defendant, AMERICAN ROAD MANAGEMENT, INC..

9. Defendant, AMERICAN ROAD MANAGEMENT, INC., is a Florida For Profit Corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

10. According to Defendant's website, AMERICAN ROAD MANAGEMENT INC. provides Harley-Davidson motorcycle sales, rentals, service/parts, and Harley-Davidson apparel. See www.OrlandoHarley.com

11. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

13. During Plaintiff's employment with Defendant, Defendant, AMERICAN ROAD MANAGEMENT, INC., earned more than $500,000.00 per year in gross sales.

14. Defendant, AMERICAN ROAD MANAGEMENT, INC., employed approximately 10 or more employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, AMERICAN ROAD MANAGEMENT, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as motorcycles, helmets, motorcycle parts and accessories, and other items used to run the business.

16. During Plaintiff's employment, Defendant, AMERICAN ROAD MANAGEMENT, INC., routinely provided goods and products to customers outside the state of Florida.

17. Therefore, at all material times relevant to this action, Defendant, AMERICAN ROAD MANAGEMENT, INC., was/is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

18. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff, and those similarly situated, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated, for all overtime hours worked.

19. During his employment with Defendant, Plaintiff, and those similarly situated were not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime as described above.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above as though stated fully herein.

23. Plaintiff, and those similarly situated, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

25. Plaintiff routinely worked in excess of forty (40) hours a week.

26. Defendant did not have a good faith basis for its decision not to pay Plaintiff full overtime compensation.

27. Defendant also failed to keep accurate time records for Plaintiff in violation of the FLSA.

28. Finally, Defendant failed to post the required informational listings for

Plaintiff in violation of the FLSA.

29. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated, are entitled to liquidated damages.

31. Plaintiff, and those similarly situated, demand a trial by jury.

WHEREFORE, Plaintiff, MATTHEW FRAZEE, and those similarly situated, demand judgment against Defendant for unpaid overtime compensation, liquidated damages, or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12 day of April, 2017.

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-0946
Email: mgunter@forthepeople.com
Attorney for Plaintiff