UNITED STATS DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW FRAZEE, on behalf of
himself and those similarly situated,

    Plaintiff,

vs.                                        CASE NO.:  6:17-cv-671-ORL-28-TBS

AMERICAN ROAD MANAGEMENT,
INC., a Florida For Profit Corporation,

    Defendant.                        /

### SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MATTHEW FRAZEE, and Defendant, AMERICAN ROAD MANAGEMENT, INC. (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice.  The Settlement Agreement has been attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

I.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private

lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and Defendant were represented by experienced counsel.

## II. Terms of Settlement

### A. Plaintiff's Recovery

Plaintiff will receive full damages ($1,250.00) and full liquidated damages ($1,250.00) as part of the settlement in the amount of $2,500.00. The parties agree that the settlement amount(s) reflect a full recovery by Plaintiff based on calculations made with a high degree of confidence. Calculations were made utilizing pay records and time records available to both parties. The parties recognize the uncertainty of litigating potential issues associated with the case including whether Plaintiff was subject to the FLSA; whether a FLSA exemption applied to Plaintiff; the number of overtime hours Plaintiff worked without proper pay, if any; and whether liquidated damages are warranted here. The parties believe that this settlement is fair and reasonable given the potential issues and the risks, time requirements, and unknown case duration inherent to litigation. Under these circumstances, the undersigned find the settlement reasonable, especially considering the vagaries of litigation.

### B. Attorney's Fees/Costs

Plaintiff's counsel will receive $2,957.55 as payment of fees and $542.45 as payment of costs. Defendant has agreed to pay Plaintiff's attorneys' fees. Plaintiff's attorneys' fees and costs were negotiated separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

III. <u>Conclusion</u>

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated this 6th day of July, 2017.

Respectfully submitted,

| /s/ MATTHEW GUNTER | /s/ LILLIAN CHAVES MOON |
|---|---|
| Matthew Gunter, Esq. | Lillian Chaves Moon, Esq. |
| FLBN: 0077459 | Florida Bar No. 0365210 |
| Morgan & Morgan, P.A. | Akerman LLP |
| 20 N. Orange Avenue | 420 S. Orange Avenue, |
| Suite 1600 | Suite 1200 |
| Orlando, FL 32801 | Orlando, FL 32801 |
| Telephone: (407) 420-1414 | Tel: (407)423-4000 |
| Facsimile: (407) 867-4791 | Fax: (407)843-6610 |
| Email: MGunter@forthepeople.com | Lillian.Moon@Akerman.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to *all counsel of record.*

s/ MATTHEW GUNTER
Matthew Gunter, Esq.

4