## SETTLEMENT AGREEMENT AND WAIVER OF CLAIMS PURSUANT TO THE FAIR LABOR STANDARDS ACT

AMERICAN ROAD MANAGEMENT, INC. ("Defendant"), and MATTHEW FRAZEE ("Plaintiff"), for himself and his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

WHEREAS, Plaintiff filed suit in the U.S. District Court for the Middle District of Florida, Orlando Division, Case Number 6:17-cv-00671-JA-TBS alleged violations against Defendant under the Fair Labor Standards Act ("FLSA") (the "FLSA Litigation");

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy, through Court approval, between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby,

STIPULATED AND AGREED by and between the undersigned parties that this matter is hereby resolved as follows:

1. **Consideration.** In consideration for the execution by Plaintiff of this Confidential Settlement Agreement and Waiver of Claims Pursuant to the Fair Labor Standards Act ("Agreement"), and compliance by Plaintiff with the promises made herein, Defendant agrees to pay the total gross sum of Six Thousand Dollars and Zero Cents ($6,000.00) (the "Payment") to Plaintiff within ten (10) days after: a) Defendant's receipt of this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement in the FLSA Litigation; and c) Defendant's receipt of an executed W-9 Form for Morgan & Morgan, PA, whichever occurs last.

The Payment shall be made as follows:

a. a check payable to Matthew Frazee in the gross sum of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($1,250.00), less applicable deductions and withholdings, in full satisfaction for any and all claims Plaintiff may have for unpaid wages as sought in the FLSA Litigation, for which Matthew Frazee shall receive an IRS Form W-2;

b. a check payable to Matthew Frazee in the sum of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($1,250.00) in full satisfaction for any and all claims Plaintiff may have for liquidated damages as sought in the FLSA Litigation, for which Matthew

42078305;1



Frazee shall receive an IRS Form 1099; and

c. a check payable to Morgan & Morgan, P.A., in the sum of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) for all attorneys' fees and costs related to the FLSA Litigation. Defendant shall issue a Form 1099 to Morgan & Morgan P.A. and Plaintiff in said amount.

Except as set forth herein, each party shall bear his or its own costs and attorneys' fees.

Plaintiff agrees and acknowledges that he is responsible for the payment to his attorney of any and all attorneys' fees which may be owed by Plaintiff to his attorney in connection with the FLSA Litigation. Defendant makes no representation regarding the taxability of the amounts paid to Plaintiff and/or to Morgan & Morgan, PA. Plaintiff agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement, and the fulfillment of the promises contained herein.

3. **Dismissal of Action.** Plaintiff agrees to jointly with Defendant seek Court approval of this settlement and dismissal, with prejudice, of the lawsuit. Counsel for Plaintiff agrees to execute and file any further papers necessary to ensure that the FLSA settlement is approved and dismissed. It is expressly understood that Defendant's obligation to make the Payment is contingent upon the Court entering an Order approving this settlement and dismissing the FLSA Litigation with prejudice.

4. **Release of FLSA Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendant, AMERICAN ROAD MANAGEMENT, INC., from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, and any related Florida statutory, constitutional, or common law claims for unpaid wages which are or could have been encompassed in the FLSA Litigation.

5. **Acknowledgments and Affirmations.**

Plaintiff affirms, upon Payment of the monies specified herein, that he has been paid and/or has received **all** compensation, wages, bonuses, commissions, and benefits to which he may be entitled as a consequence of his employment by or separation from employment with Defendant, and waives and generally releases any claim thereto. Plaintiff further affirms that he is aware of his respective obligations to make any tax payments and forward payment to the Internal Revenue Service and to any other taxing entity or authority.

42078305;1

reduced

The Releasees and Plaintiff affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement, each party having been represented by counsel.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties agree that the Court can interpret or modify it to be enforceable.

7. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement, or by a Court to the extent necessary to render it enforceable as set forth in Paragraph 6, above.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND WAIVER OF CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND WAIVER OF CLAIMS PURSUANT TO THE FAIR LABOR STANDARDS ACT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "1"ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND WAIVER OF CLAIMS PURSUANT TO THE FAIR LABOR STANDARDS ACT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT PURSUANT TO THE FAIR LABOR STANDARDS ACT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

The Parties knowingly and voluntarily sign this Settlement Agreement and Waiver of Claims Pursuant to the Fair Labor Standards Act as of the date(s) set forth below:



Matthew Frazee (Jul 3, 2017)

_____
Matthew Frazee

Date: _____

AMERICAN ROAD MANAGEMENT, INC.

By: _____
Title: President

Date: 7/6/17


...

# Frazee FLSA Settlement Agreement

Adobe Sign Document History     07/03/2017

| | |
|---|---|
| Created: | 06/30/2017 |
| By: | Matthew Gunter (mgunter@forthepeople.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAWkaXQXH_diuFdUHU9DTBgcrvtOD0qnzP |

## "Frazee FLSA Settlement Agreement" History

- Document created by Matthew Gunter (mgunter@forthepeople.com)
  06/30/2017 - 12:41:59 PM PDT- IP address: 199.116.174.106

- Document emailed to Matthew Frazee (effinfrazee@outlook.com) for signature
  06/30/2017 - 12:42:53 PM PDT

- Document viewed by Matthew Frazee (effinfrazee@outlook.com)
  07/03/2017 - 9:38:31 AM PDT- IP address: 107.77.216.118

- Document e-signed by Matthew Frazee (effinfrazee@outlook.com)
  Signature Date: 07/03/2017 - 9:39:48 AM PDT - Time Source: server- IP address: 107.77.216.118

- Signed document emailed to Matthew Frazee (effinfrazee@outlook.com) and Matthew Gunter (mgunter@forthepeople.com)
  07/03/2017 - 9:39:48 AM PDT

Adobe Sign