UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW FRAZEE,

    Plaintiff,

v.                                          Case No: 6:17-cv-671-Orl-28TBS

AMERICAN ROAD MANAGEMENT,
INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Joint Motion for Approval of Settlement (Doc. 12) and Second Joint Motion for Approval of Settlement (Doc 14). Upon due consideration, I respectfully recommend that the first motion be denied and the second motion be granted, if the parties agree to my suggested changes to their settlement agreement.

### I. Background

Plaintiff Matthew Frazee alleges that between December 2016 and March 31, 2017, he sold motorcycles at Defendant American Road Management, Inc.'s dealership (Doc. 1, ¶¶ 3, 5). Defendant paid Plaintiff commissions on sales against a weekly draw of $800 (Id., ¶ 4). Plaintiff alleges the he was a non-exempt employee who was entitled to overtime under the Fair Labor Standards Act 29 U.S.C. § 216(b) *et seq*. (Id., ¶ 6). Plaintiff complains that he was not paid overtime for all hours worked in excess of 40 per week (Id., ¶¶ 19, 24). Defendant denies liability (Doc. 14-1 at 1).

The parties have negotiated a settlement which provides for the payment of $1,250 by Defendant to Plaintiff as unpaid wages; $1,250 as liquidated damages; and $3,500 for

Plaintiff's attorney's fees and costs (Id., ¶ 1). Plaintiff acknowledges that upon payment of these sums he will have received all compensation due him from Defendant (Id., ¶ 5). I voiced concerns about the content of the parties' original settlement agreement (Doc. 13), which they have addressed in their revised agreement (Doc. 14-1). The revised agreement still requires modification but the changes are sufficiently minor that I am recommending approval, provided the parties consent to the changes discussed below.

## II. Legal Standard

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114). The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney
> who can protect their rights under the statute. Thus, when the
> parties submit a settlement to the court for approval, the
> settlement is more likely to reflect a reasonable compromise
> of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement
> in an employee FLSA suit does reflect a reasonable

> compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

### III. Discussion

Plaintiff agrees that under the terms of the parties' amended settlement agreement he is receiving payment in full of his disputed unpaid wages. He is also receiving an equal amount as liquidated damages. Full compensation is, by definition, fair and reasonable.

The amended agreement provides that Plaintiff's attorneys will receive $3,500 in fees and costs. Where, as here, the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Management Company, 715 F. Supp.2d 1227, 1228 (M.D. Fla. 2009). As noted, Plaintiff is receiving full compensation for his FLSA claim. Therefore, I find no reason to question the reasonableness of the attorney's fee and costs here.

On the first page of their amended settlement agreement the parties include the word "Confidential." (Doc. 14-1, ¶ 1). Settlement agreements which impose confidentiality are in contravention of the FLSA. Dees v. Hydradry, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights ... The district court

should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); see also Connor v. Educ. Servs. of Am., No. 3:10-cv-471-J-32JRK, 2011 U.S. Dist. LEXIS 149959, at * 2-3 n.2 (M.D. Fla. Dec. 27, 2011); Glass v. Krishna Krupa LLC, No. 10-mc-00027-CG-B, 2010 U.S. Dist. LEXIS 110139, at *2-4 (S.D. Ala. Oct. 15, 2010); Valdez v. T.A.S.O. Props., No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at * 3-4 (M.D. Fla. April 28, 2010). "The judge's 'approving' a settlement constitutes a 'public act,' and the public 'has an interest in knowing what terms of settlement a federal judge would approve.'" Dees, 706 F.Supp.2d at 1244-45, quoting Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002). And, "precluding other employees' and the public's access to, and knowledge of, the agreement [] thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." Id. at 1245. Obviously, the agreement is not confidential as it has been filed and is therefore, a public record. Now, I recommend removal of the word "Confidential" from the amended agreement. My second concern is that the amended agreement refers to "Releasees" in paragraphs 5 and 7. This term, which was defined in the original agreement, has no place in the amended agreement and should be replaced with "Defendant."

### III. Recommendation

If the parties agree in writing to the changes I propose be made to their amended agreement then I respectfully recommend that:

(1) The second joint motion be **GRANTED,** and the amended settlement agreement, as modified, be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

(2) The parties' original motion for approval be **DENIED**.

(3) This action be dismissed with prejudice; and

(4) The Clerk be directed to close the file.

If the parties do not agree to the changes I am proposing, then I respectfully recommend that both of their motions be **denied**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record